## Salas v. Wal-Mart Stores, East, Inc.

C.P. of Berks County, No. 11-1137

*Eric Winter*, for plaintiff.
*Marc R. Kamin*, for defendant.

SPRECHER, *J.*, Jan. 29, 2015—Plaintiff appeals the order dated October 20, 2014, which sustained defendant's preliminary objections to the complaint and dismissed the action with prejudice. This opinion is filed pursuant to Pa. R.A.P. 1025.

## FACTS

Plaintiff, Jorge Salas, initiated the above captioned case by filing a writ of summons on January 24, 2011. The action stems from an alleged slip and fall that occurred on January 23, 2009 at a Wal-Mart retail store located in Temple, Berks County, Pennsylvania. On December 17, 2012, the Prothonotary of Berks County issued a notice

of proposed termination of the above captioned case. On February 15, 2013, plaintiff filed a notice of intention to proceed.

On July 17, 2014, plaintiff finally filed his complaint. Plaintiff named Wal-Mart Stores East, Inc., as the defendant. Defendant is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Defendant has a registered mailing office address in Harrisburg, Pennsylvania.

Defendant filed preliminary objections based on improper service. Plaintiff's affidavit/return of service states that the summons was served on Phaedra Miller asset protection/person in charge at the Wal-Mart retail store (hereinafter, Store) in Temple. Defendant contended that Store is maintained and operated by Wal-Mart Stores East, L.P. Defendant has never owned, operated, or controlled Store. Defendant also asserted that it does not regularly conduct business or have anyone authorized to accept service on its behalf at Store.

After consideration of the record and argument, this court sustained defendant's preliminary objections, struck the affidavit/return of service from the record, and dismissed the action with prejudice. Plaintiff appealed this order.

## ISSUES

Plaintiff's concise statement of errors complained of on

appeal stated the following issue.

Whether this court erred in striking the return of service and sustaining the preliminary objections to dismiss the action, where the individual served was a security supervisor for defendant at the location where plaintiff was injured, and that service was timely made.

## DISCUSSION

Plaintiff submits that this court erred in striking the return of service and sustaining the preliminary objections to dismiss the action because the individual served was a security supervisor for defendant at the Store where plaintiff was injured and service was timely made. These contentions are without merit.

Pursuant to Pa. R.C.P. 424, service upon a corporation is made by handing a copy to any of the following persons:

(1) An executive officer, partner or trustee of the corporation or similar entity, or

(2) The manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) An agent authorized by the corporation or similar entity in writing to receive service of process for it.

In the case *sub judice*, Ms. Miller is clearly not an individual permitted to be served under paragraph (1). No writing has been produced to show that there is any

written authorization for her to receive service of process for defendant pursuant to paragraph (3). The service of process states that she is the person in charge of Store; however, she works in the asset protection division of Store. Therefore, she is not a manager or anyone in charge of the entire Store; a security worker or manager does not qualify as the person in charge of the Store. Defendant has a local corporate address in Harrisburg, Pennsylvania where it could have been served.

Furthermore, defendant does not own, operate, or control Store, so Ms. Miller does not work for defendant. Store is maintained and operated by Wal-Mart Stores East, L.P. Plaintiff contends that pursuant to Pa. R.C.P. 2176, Wal-Mart Stores East, L.P. is the same as Wal-Mart Stores East, Inc. This rule defines "corporation or similar entity" as follows:

> Includes any public, quasi-public or private corporation, insurance association or exchange, joint stock company or association, limited liability company, professional association, business trust, or any other association which is regarded as an entity distinct from the members composing the association. . .

Thus, this definition establishes a distinction between a corporation and the individuals who run it.

Under this same rule "corporate name" is defined as "any name, real or fictitious, under which a corporation

or similar entity was organized, or conducts business, whether or not such name has been filed or registered." Therefore, a corporate name does not have to be registered or filed.

These definitions do not mean that as long as the names are similar, as plaintiff suggests, that two separate entities are interchangeable. If plaintiff wanted to file a complaint against Store, he filed a complaint against the wrong defendant. If plaintiff wanted to file a complaint against the defendant that he did, he served the wrong defendant. For these reasons, this court sustained the preliminary objections.

This court dismissed this case because plaintiff has demonstrated a lack of due diligence throughout the history of this lawsuit. He initiated it with a writ of summons on January 24, 2011, the last day before the statute of limitations would run on his tort claim. Plaintiff finally filed his complaint on July 17, 2014. Defendant filed timely preliminary objections to the service. Plaintiff argues that service is good and refers to Exhibit A to refute defendant's preliminary objections. There is no Exhibit A attached to his pleading.

Even assuming *arguendo*, that plaintiff is correct and the two entities are the same, he still did not serve the summons correctly. A security person is not the person in charge of a corporation; plaintiff had to know that a corporate defendant would have a corporate office where

the summons could have been properly served. Plaintiff simply did not execute proper service in the case *sub judice*. Now, it is more than six years since plaintiff's alleged accident, and service is still not perfected. At this time, plaintiff cannot cure the service within the time period prescribed by the statute of limitations. Therefore, this court dismissed the action with prejudice.

In accordance with the foregoing opinion, this court submits that this court's order should be sustained and plaintiff's appeal denied.